## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DARREN PETTY, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2241 |
| | :: | |
| v. | :: | |
| | :: | |
| GREGORY DOZIER; and | :: | CIVIL ACTION NO. |
| GA DEPT CORRECTION, | :: | 1:17-CV-4281-WSD-RGV |
| Respondents, | :: | |

## FINAL REPORT AND RECOMMENDATION

Petitioner Darren Petty, who is currently on probation, has filed this 28 U.S.C. § 2241 petition[1] to challenge his January 21, 2014, convictions in the Superior Court of Gwinnett County. This matter is currently before the Court on the petition, [Doc. 1], respondent's motion to dismiss petition as untimely, [Doc. 8], and petitioner's response, [Doc. 11]. For the reasons that follow, it is **RECOMMENDED** that respondent's motion to dismiss, [Doc. 8], be **GRANTED** and that this action be **DISMISSED** as time barred.

---

[1] Although petitioner has filed his petition on a standard § 2241 habeas corpus form, it must also be considered under the provisions of 28 U.S.C. § 2254 because there is but one means of bringing a post-conviction petition for those imprisoned under a State court judgment, and that is the writ of habeas corpus which is governed by both § 2241 and § 2254. Peoples v. Chapman, 393 F.3d 1352, 1353 (11th Cir. 2004) (per curiam).

## I. PROCEDURAL HISTORY

On January 21, 2014, petitioner entered a non-negotiated <u>Alford</u>[2] plea to two counts of theft by receiving stolen property and one count of theft by taking, and the Superior Court of Gwinnett County imposed a total sentence of five years of probation. [Doc. 9-2]. Petitioner timely filed a motion to withdraw his guilty plea, [Doc. 9-3], which the trial court denied without a hearing, [Doc. 9-5]. Petitioner appealed, and the Georgia Court of Appeals remanded the case to the trial court to hold a hearing on petitioner's motion to withdraw his guilty plea. [Doc. 9-7]. The trial court held a hearing on March 25, 2015, and denied petitioner's motion to withdraw his guilty plea in a written order entered on April 13, 2015. [Doc. 9-8]. Petitioner filed a <u>pro se</u> application for a discretionary appeal, although such an application was not required, and the Georgia Court of Appeals entered an order on May 19, 2015, granting petitioner's application and directing him to file a notice of appeal within ten days. [Docs. 9-9; 9-10]. Petitioner never filed a notice of appeal as directed.

---

[2] <u>North Carolina v. Alford</u>, 400 U.S. 25, 37 (1970) (the court may accept defendant's guilty plea despite his claims of innocence where "defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt").

2

AO 72A
(Rev.8/82)

On January 14, 2016, petitioner filed a pro se habeas corpus petition in the Superior Court of Gwinnett County. [Doc. 9-11]. After a March 18, 2016, evidentiary hearing, the state habeas court denied the petition in a written order entered on July 11, 2016. [Doc. 9-12]. On August 14, 2017, the Georgia Supreme Court dismissed petitioner's appeal because he had failed to file a notice of appeal within thirty days of the order denying his state habeas petition. [Doc. 9-13].

Petitioner filed this federal habeas petition on October 26, 2017. [Doc. 1]. As grounds for relief, petitioner argues that he received ineffective assistance of appellate counsel and that an officer committed perjury. [Id. at 6-7]. Respondent moves to dismiss the petition as untimely. [Doc. 8-1 at 3-9]. Petitioner responds, in pertinent part, that he is entitled to statutory tolling through August 14, 2017, when the Georgia Supreme Court dismissed his appeal from the denial of habeas relief. [Doc. 11 at 3-4].

## II. DISCUSSION

A § 2254 petition is subject to a statutory one-year limitation period, which runs from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States

3

is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  In this case, there is no claim that the circumstances set forth in subparagraphs (B) through (D) above apply.  Thus, the one-year limitations period began to run on May 29, 2015,[3] when the time for filing a direct appeal expired. Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002).

The limitations period ran for 230 days until it was tolled on January 14, 2016, when petitioner filed his state habeas petition, and it remained tolled until August 10, 2016, when the time for filing a notice of appeal from the denial of state habeas relief expired.[4]   See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed

---

[3] The Georgia Court of Appeals directed petitioner to file a notice of appeal within ten days of its May 19, 2015 order, [Doc. 9-10], but he did not do so.

[4] Petitioner's argument that the limitations period remained tolled until August 14, 2017, when the Georgia Supreme Court dismissed his appeal for failure to timely file a notice of appeal, fails because "a petitioner's state court habeas corpus filing is not "properly filed" within the meaning of § 2244(d)(2) if the state court has

4

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); Cramer v. Sec'y, Dept' of Corr., 461 F.3d 1380, 1383-84 (11th Cir. 2006) (per curiam) (holding that an application for state post-conviction relief remains pending until the time for filing an appeal expires); O.C.G.A. § 9-14-52(b) (providing thirty-day period for filing notice of appeal in habeas court). Petitioner then had 135 days, or until December 23, 2016, to file this § 2254 petition, but he did not file it until October 26, 2017, roughly ten moths too late.

Petitioner has not alleged extraordinary circumstances that might excuse the late filing of his federal petition. Holland v. Florida, 560 U.S. 631, 649 (2010) (The limitations period set forth in "§ 2244(d) is subject to equitable tolling" when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (citation omitted).  However, petitioner's second ground for relief concerning an officer's alleged perjury could be construed as an actual innocence claim.  A plea of actual innocence, if proved, can overcome the one-year limitations period for filing a federal

---

determined that the petitioner's state court filing did not conform with the state's filing deadlines." Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir. 2003) (per curiam).

habeas corpus action.  McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).  "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)).  To establish his actual innocence, a petitioner must persuade "the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S. at 329.  "The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 569 U.S. at 401 (citing Schlup, 513 U.S. at 316).  Petitioner has failed to meet Schlup's demanding standard as he has not cited to any "reliable evidence not presented at trial" to support his actual innocence claim.  Accordingly, this § 2254 petition, which petitioner filed on October 26, 2017, is untimely and due to be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules

Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

Where, as here, a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, "a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing <u>Slack</u>, 529 U.S. at 484).  Because

7

petitioner cannot show that reasonable jurists could debate the dismissal of this habeas action as time barred, he should be denied a COA.

## IV.  CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that respondent's motion to dismiss, [Doc. 8], be **GRANTED**, that this action be **DISMISSED** as time barred, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 9th day of FEBRUARY, 2018.

*Russell G. Vineyard*

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

8