# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DARREN PETTY, <br><br> Petitioner, <br><br> v. <br><br> GREGORY DOZIER and GA DEPT CORRECTION, <br><br> Respondents. | 1:17-cv-4281-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation ("R&R") [12]. The R&R considers Petitioner Darren Petty's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") [1] and Respondent Gregory Dozier's ("Respondent") Motion to Dismiss [8]. The Magistrate Judge recommended that Respondent's Motion to Dismiss be granted and the Petition be dismissed as untimely. The Magistrate Judge recommended that a Certificate of Appealability ("COA") not be issued.

## I.  BACKGROUND

On January 21, 2014, Petitioner entered a non-negotiated Alford plea to two counts of theft by receiving stolen property and one count of theft by taking, and the Superior Court of Gwinnett County imposed a total sentence of five years of

probation. ([9.2]). Petitioner timely filed a motion to withdraw his guilty plea, ([9.3]), which the trial court denied without a hearing, ([9.5]). Petitioner appealed, and the Georgia Court of Appeals remanded the case to the trial court to hold a hearing on Petitioner's motion to withdraw his guilty plea. ([9.7]). The trial court held a hearing on March 25, 2015, and denied Petitioner's motion to withdraw his guilty plea in a written order entered on April 13, 2015. ([9.8]).

Petitioner filed a pro se application for a discretionary appeal, although such an application was not required, and the Georgia Court of Appeals entered an order on May 19, 2015, granting Petitioner's application and directing him to file a notice of appeal within ten days. ([9.9]; [9.10]). Petitioner never filed a notice of appeal as directed.

On January 14, 2016, Petitioner filed a pro se habeas corpus petition in the Superior Court of Gwinnett County. ([9.11]). After a March 18, 2016, evidentiary hearing, the state habeas court denied the petition in a written order entered on July 11, 2016. ([9.12]). On August 14, 2017, the Georgia Supreme Court dismissed Petitioner's appeal because he had failed to file a notice of appeal within thirty days of the order denying his state habeas petition. ([9.13]).

Petitioner filed this federal habeas petition on October 26, 2017. ([1]). As grounds for relief, Petitioner argues that he received ineffective assistance of

appellate counsel and that an officer committed perjury. ([Id.] at 6-7). Respondent moves to dismiss the petition as untimely. ([8.1] at 3-9). Petitioner responds, in pertinent part, that he is entitled to statutory tolling through August 14, 2017, when the Georgia Supreme Court dismissed his appeal from the denial of habeas relief. ([11] at 3-4).

On February 9, 2018, the Magistrate Judge issued his R&R, recommending that the Petition be denied as untimely, because the one-year limitations period for Petitioner to file a § 2254 petition expired on December 23, 2016. ([12] at 5). The Magistrate Judge also found that Petitioner has not alleged extraordinary circumstances that might excuse the late filing of his federal petition or cited to any reliable evidence not presented at trial to support a claim of actual innocence. ([Id. at 5-6]). Having found that the untimeliness of the Petition was not debatable, the Magistrate Judge recommended that a COA not be issued. ([Id.] at 6-8). Petitioner did not file an objection to the R&R.

**II.    DISCUSSION**

    A.    <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v.</u>

Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). Where, as here, a party has not asserted objections to the R&R, the Court conducts a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B. Analysis

The Magistrate Judge, after a careful and thorough review of the record, recommended in his R&R that the Court grant Respondent's Motion to Dismiss, dismiss the Petition as untimely, and deny granting a COA.

1. Untimeliness and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of limitations to filing a habeas corpus action attacking a state conviction. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). The limitations period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The Magistrate Judge noted that the one-year limitations period began to run on May 29, 2015, when the time for filing a direct appeal expired. Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002). The Magistrate Judge determined that the limitations period ran for 230 days until it was tolled on January 14, 2016, when Petitioner filed his state habeas petition, and it remained tolled until August 10, 2016, when the time for filing a notice of appeal from the denial of state habeas relief expired. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); Cramer v. Sec'y, Dept' of Corr., 461 F.3d 1380, 1383-84 (11th Cir. 2006) (per curiam) (holding that an application

5

for state postconviction relief remains pending until the time for filing an appeal expires); O.C.G.A. § 9-14-52(b) (providing thirty-day period for filing notice of appeal in habeas court). The Magistrate Judge concluded that Petitioner then had 135 days, or until December 23, 2016, to file this § 2254 petition, but he did not file it until October 26, 2017, roughly ten moths too late.

A review of the record establishes that the Magistrate Judge correctly calculated the one-year limitations period and correctly determined that statutory tolling did not apply. The Court finds no plain error in these findings. See Slay, 714 F.2d at 1095.

### 2. Equitable Tolling

In addition to statutory tolling, the AEDPA's limitations period is subject to equitable tolling, an "extraordinary remedy" which requires a petitioner to demonstrate both "(1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable circumstances." Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006), modified on other grounds, 459 F.3d 1310 (11th Cir. 2006). See also Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Petitioner bears "the burden of establishing that equitable tolling [is] warranted." See Pugh, 465 F.3d at 1300-01. The Magistrate Judge found that Petitioner has not

alleged extraordinary circumstances that might excuse the late filing of his petition. The Court finds no plain error in this finding. See Slay, 714 F.2d at 1095.

The Magistrate Judge noted that Petitioner's second ground for relief concerning an officer's alleged perjury could be construed as an actual innocence claim. ([12] at 5). A plea of actual innocence, if proved, can overcome the one-year limitations period for filing a federal habeas corpus action. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)). To establish his actual innocence, a petitioner must persuade "the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S. at 329. "The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 569 U.S. at 401 (citing Schlup, 513 U.S. at 316). The Magistrate Judge found that Petitioner has failed to meet Schlup's demanding standard as he has not cited to any "reliable evidence not presented at trial" to

support his actual innocence claim. ([12] at 6). The Magistrate thus concluded that the petition is untimely and due to be dismissed.

The Court finds no plain error in these findings and recommendation. See Slay, 714 F.2d at 1095.

### 3. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. at 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The Magistrate Judge concluded that because Petitioner cannot show that reasonable jurists could debate the dismissal of this habeas action as time barred, Petitioner should be denied a COA. ([12] at 7-8). The Court finds no plain error in

the Magistrate Judge's determination that a COA should not be issued.  See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that  Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [12] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus [8] is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


**SO ORDERED** this 24th day of April, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE